NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD J. ROBINSON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>WINGATE INNS INTERNATIONAL, INC.<br>and WYNDHAM HOTELS AND RESORTS,<br>LLC,<br><br>　　　　　　　Defendants. | Civil Action No.: 13-cv-2468 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

This matter comes before the Court on Defendants' Motion to Dismiss the First, Fourth, Fifth, and Sixth counts of Plaintiff's complaint. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1] For the reasons set forth below, the Court grants Defendants' motion. Plaintiff will be granted thirty days in which to file an Amended Complaint that cures, to the extent possible, the pleading deficiencies identified in this Opinion.

**I.　　BACKGROUND**

This dispute stems from two failed hotel business ventures. Plaintiff entered into two separate hotel franchise agreements, one with each Defendant. (Compl. ¶¶ 11, 27). Evidently,

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

Plaintiff was unable to obtain financing to build either franchised hotel, and Plaintiff's business failed. (Compl. ¶¶ 22-23). Thereafter, Plaintiff filed this action.

### A. The Wingate Agreement

According to the complaint, the franchise agreement between Plaintiff and Wingate (the "Wingate Agreement") was entered into on March 11, 2005. (Compl. ¶ 11). Plaintiff complains that he was unable to obtain financing to meet his obligations under the Wingate Agreement. (Compl. ¶¶ 13-14). Plaintiff states that the Wingate Franchise Disclosure Document[2] represented that Wingate offered development incentives and arranged to offer project financing with a third party, and that he obtained no such incentives or financing. (Compl. ¶¶ 15-21, 40-41; 54). Plaintiff alleges that the reason he was unable to obtain financing was because of Wingate or Windham's reputation. (Compl. ¶¶ 13-14). According to Plaintiff, Wingate knew that Plaintiff would not be able to obtain financing to meet his obligations under the Agreement. (Compl. ¶ 55). Plaintiff avers that he offered to pay Wingate to guarantee part of a loan so that he could obtain financing to comply with the Wingate Agreement, and that Wingate refused to do so and otherwise failed to perform its obligations detailed in sections three and four of the Wingate Agreement. (Compl. ¶¶ 19-21, 38-39).

Arising out of this relationship with Wingate, Plaintiff seeks recovery for breach of contract (Count Two), breach of the covenant of good faith and fair dealing (Count Three), fraud in the

---

[2] A Franchise Disclosure Document is a document designed to comply with the pre-sale disclosure requirements of the Federal Trade Commission's Franchise Rule. 16 C.F.R. §§ 436, 437). The purpose of the disclosures mandated by that Rule and its predecessor is to prevent "widespread deception in the sale of franchises and business opportunities through both material misrepresentations and nondisclosures of material facts" and "to ensure that prospective franchisees are not deceived about the quality of the franchise relationship before they commit to buying a franchise." FTC Franchise Rule, 72 Fed. Reg. 15444, 15445, 15448 (March 30, 2007).

2

inducement (Count Four), and violation of the New Jersey Consumer Fraud Act (NJCFA) (Count Six) against Wingate. (Compl. ¶¶ 31-73).

Wingate moves to dismiss Counts Four and Six.

### B. The Wyndham Agreement

The franchise agreement made between Plaintiff and Wyndham (the "Wyndham Agreement") was executed on February 8, 2012. (Compl. ¶ 27). That agreement required the building of a hotel in Las Vegas, Nevada. (Compl. ¶ 28). Plaintiff alleges that other franchisees of Defendants had failed in Las Vegas, Nevada and elsewhere prior to the execution of the Wyndham Agreement. (Compl. ¶¶ 25-28). The complaint states that Plaintiff was not provided with the Wyndham Franchise Disclosure Document prior to the execution of the Wyndham Agreement, as required by FTC's Franchise Rule. (Compl. ¶ 32-34); see also, 16 C.F.R. § 436.2(a). Plaintiff further alleges that Wyndham knew that Plaintiff would not be able to obtain financing to build a hotel pursuant to the Wyndham Agreement, yet—with this knowledge—still sold Plaintiff a franchise. (Compl. ¶¶ 48; 61-62).

Arising out of this relationship with Wyndham, Plaintiff alleges violation of a FTC Rule on Franchising (Count One), breach of the covenant of good faith and fair dealing (Count Three), fraud in the inducement (Count Five), and violation of the NJCFA against Wyndham (Count Six).

Wyndham moves to dismiss Counts One, Five, and Six.

## II. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual

3

allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## III. DISCUSSION

### A. Count One: Violation of the FTC Rule on Franchising (Wyndham)

This count arises out of Plaintiff's allegations that Defendant Wyndham did not comply with applicable FTC franchise disclosure rules. It is well settled that there is no a private cause of action for violation of the FTC franchise disclosure rules. Sandoz Pharm. Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 231 (3d Cir. 1990) (noting that the FTC statute does not create "an express or implied private right of action"); Palermo Gelato, LLC v. Pino Gelato, Inc., No. 12-cv-931, 2013 WL 285547 *6 (W.D. Pa. Jan. 24, 2013).

Accordingly, Count One is dismissed.

### B. Counts Four and Five: Fraud in the Inducement (Wingate and Wyndham)

Plaintiff avers that Wingate fraudulently induced him to enter into the Wingate Agreement using financing representations in Wingate's Franchise Disclosure Document. (Compl. ¶¶ 53-57). Plaintiff avers that Wyndham fraudulently induced him to enter into the Wyndham agreement because Wyndham knew that the Wingate and Wyndham hotels had failed in Las Vegas, Nevada and Wyndham knew that Plaintiff would be unable to obtain financing to perform the contract. (Compl. ¶¶ 59-62). Wingate and Wyndham both seek dismissal on the grounds that (1) the complaint fails to meet the heighted pleading requirements for fraud under Rule 9(b) and (2) the integration clause in each respective agreement precludes liability for fraudulent inducement. Wingate additionally seeks dismissal by arguing that the statute of limitations has run.

In order to allege fraud in New Jersey a plaintiff must plead "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Banco Popular No. Am. v. Gandi, 876 A.2d 253, 260 (N.J. 2005).

Rule 9(b) requires that the circumstances regarding all elements of fraud except knowledge must be pled with particularity. This heightened pleading requirement applies to state law claims of fraud. Petruska v. Gannon Univ., 462 F.3d 294, 310 (3d Cir. 2006) (citing Christidis v. First Penn. Mortg. Trust, 717 F.2d 96, 99 (3d Cir. 1983)).

Under New Jersey law, the statute of limitations for fraud is six years. N.J. Stat. § 2A:14-1; Nobile v. Ford Motor Co., No. 10-cv-1890, 2011 WL 90019 *4 n.2 (D.N.J. 2011). The Fraud allegations against each Defendant are addressed in turn.

### 1. Fraud Allegations Against Wingate

Plaintiff's fraud claim against Wingate was not brought within the six-year statute of limitations. Timeliness under a statute of limitations is typically an affirmative defense brought in the answer. See Rule 8(c). However, the so-called Third Circuit Rule "permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).

As far as the Court can determine, Plaintiff's fraud claim against Wingate arises out of representations made in the Franchise Disclosure Document provided to Plaintiff prior to March

5

11, 2005.³ Thus, on the face of the complaint, the six-year statute has run. Plaintiff responds (1) that he brought this action shortly after first speaking with counsel, and (2) that "Defendants' acts and their effects have been continuing." (Def. Opp. 6, 8). Plaintiff presents no argument that the statute of limitations should be tolled, or that the discovery rule prevents its accrual.

The Court finds Plaintiff's arguments without merit. With respect to (1), failing to speak with a lawyer during the limitations period does not excuse bringing an action outside of the limitations period. Caravaggio v. D'Agostini, 765 A.2d 182, 187 (N.J. 2001) (lack of "knowledge of a specific basis for legal liability" does not toll the statute of limitations). With respect to (2), to the extent that Plaintiff complains of fraud occurring because of acts occurring before 2005, the statute of limitations has run; and to the extent that Plaintiff is alleging additional acts by Wingate constituting fraud, these were not pled in compliance with Rules 8 and 9(b). Accordingly, Count Four is dismissed as untimely.

### 2. Fraud Allegations Against Wyndham

Plaintiff fails to allege that Wyndham made any material misrepresentation. Accordingly, the fraud claim against Wyndham is dismissed.

As far as the Court can determine, the Complaint alleges fraud arising out of the failure of other Wyndham Hotels in Las Vegas, Nevada. (Compl. ¶¶ 58-62). Plaintiff points to Complaint paragraphs 15-18, 22-26, 33, 47-51, and 53-56 as supporting the material misrepresentation element. (Pl. Opp. 4). None of these paragraphs (or any other paragraph in the complaint) alleges

---

³ Wingate also argues the count should be dismissed because of a failure to state a claim, and in particular that Plaintiff did not properly allege how the representations in the Franchise Disclosure Document "were false" under the heightened pleading standard of Rule 9(b). (Def. Rep. at 7). The Court need not reach this issue because the claim is untimely.

that Wyndham made a material misrepresentation. Accordingly, under Rules 8 and 9(b) the complaint fails to state a claim for fraud against Wyndham, and Count Five is dismissed.[4]

### C. Count Six: Violation of the NJCFA (Wingate and Wyndham)

Plaintiff complains that Defendants violated the NJCFA through the sale of their franchises. Because a franchise is a business, not a consumer good or service contemplated by the act, Plaintiff's claim fails. J & R Ice Cream Corp. v. CA Smoothie Licensing Corp., 31 F.3d 1259, 1274 (3d Cir. 1994).

The NJCFA declares that fraudulent practices "in connection with the sale or advertisement of any merchandise or real estate" are unlawful. N.J. Stat. Ann. § 56:8-2 (2012). The NJCFA defines "merchandise" to include "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale." Id. at § 56:8-2. The NJCFA is intended to protect consumers who purchase "goods or services generally sold to the public at large." Marascio v. Campanella, 689 A.2d 852, 856-57 (N.J.Super.Ct.App.Div. 1997). The NJCFA's focus is "pointed to products and services sold to consumers in the popular sense." Id. at 638.

In J & R, the Third Circuit held that the NJCFA did not apply to franchises. The court explained:

> Even where franchises or distributorships are available to the public at large . . . they are not covered by the [NJCFA] because they are businesses, not consumer goods or services. They never are purchased for consumption. Instead, they are purchased for the present value of the cash flows they are expected to produce in the future and . . . bear no resemblance to the commodities and services listed in the statutory definition of "merchandise" or the rules promulgated by the Division of Consumer Affairs.

---

[4] Both Wingate and Wyndham argue that Plaintiff's fraud claim fails because of the integration clauses in the Wingate and Wyndham agreements. Because the fraud claims fail for other reasons, the Court need not reach this argument.

7

31 F.3d at 1274 (emphasis added).

This Court is mindful of Kavky v. Herbalive Int'l of Am., 820 A.2d 677 (App. Div. 2003), which rejected the rule announced in J & R. In Kavky, the franchise offer at issue was "to make anyone a distributor in return for $85 and to provide 'Pre-Paid Retail Internet Customers' at $8.50 per customer." Kavky, 820 A.2d at 279. However the Kavky court noted that it agreed that the NJCFA did not apply to the sale of the restaurant franchise at issue in J & R because that sale was "a substantial and complex commercial transaction." Id. at 679.

Even in the face of contrary New Jersey Appellate court decisions on this issue, this Court is obligated to follow the Third Circuit's prediction of New Jersey law in J & R unless the New Jersey Supreme Court holds to the contrary. Debiec v. Cabot Corp., 352 F.3d 117, 131 (3d Cir. 2003) (holding that Third Circuit prediction of Pennsylvania law was binding, "notwithstanding . . . contradictory Pennsylvania Superior Court opinions" on the issue); Smith v. Calgon Carbon Corp., 917 F.2d 1338, 1343 (3d Cir. 1990) ("in the absence of a clear statement by the Pennsylvania Supreme Court to the contrary or other persuasive evidence of a change in Pennsylvania law, we are bound by the holdings of previous panels of this court."); In re Schering-Plouh Corp. Intron/Temodar Consumer Class Action, No. 06-cv-5774, 2009 WL 2043604 at *31 n.24 (D.N.J. July 10, 2009) (holding that the district court is bound by J & R even accounting for the subsequently decided Kavky).

In any event, because of the complexity of the transaction between the parties, this case falls within the orbit of J & R, and is readily distinguishable from the generic offer "to make anyone a distributor in return for $85" at issue in Kavky. See Wingate Inns International, Inc. v. Swindall, 12-cv-248, 2012 WL 5252247 at *4 (D.N.J. Oct. 23, 2012). Thus, J & R mandates dismissal of Count Six.

## IV. CONCLUSION

Defendants' motion to dismiss Plaintiff's First, Fourth, Fifth and Sixth counts is granted. The counts will be dismissed without prejudice. To the extent the deficiencies can be cured by way of amendment, Plaintiff is granted thirty days to file an Amended Complaint solely for the purposes of amending such claims. An appropriate Order accompanies this Opinion.

DATED: December 20, 2013

_____
**CLAIRE C. CECCHI, U.S.D.J.**