**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD J. ROBINSON, | Civil Action No.: 13-cv-2468 (CCC) |
| Plaintiff, | |
| v. | **OPINION** |
| WINGATE INNS INTERNATIONAL, INC. and WYNDHAM HOTELS AND RESORTS, LLC, | |
| Defendants. | |

**CECCHI**, **District Judge.**

This matter comes before the Court on Defendants' Motion to Dismiss the Plaintiff's first amended complaint ("FAC"). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1]  For the reasons set forth below, the Court grants Defendants' motion in part and denies Defendants' motion in part. Plaintiff will be granted thirty days in which to file an Amended Complaint that cures, to the extent possible, the pleading deficiencies identified in this Opinion.

## I.   **BACKGROUND**

The Court's December 20, 2013 Opinion discussed the background in this case extensively. Accordingly, this Opinion focuses on the facts relevant to the pending motion. This dispute stems

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

from two failed hotel business ventures. Plaintiff entered into two separate hotel franchise agreements, one with each Defendant. (Compl. ¶¶ 11, 30). Evidently, Plaintiff was unable to obtain financing to build either franchised hotel, and Plaintiff's business failed. (Compl. ¶ 25). Thereafter, Plaintiff filed this action.

Plaintiff brings three causes of action against Wingate: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) fraud. As a basis for his breach of contract claim, Plaintiff asserts that Wingate did not provide the services it was required to provide as specified in Sections 3 & 4 of the Wingate Agreement, and that Wingate did not offer him the financing it touted in its Franchise Disclosure Document ("FDD").[2] (FAC ¶¶ 40-44). As a basis for his breach of covenant claim, Plaintiff essentially asserts that Wingate did not assist him in obtaining the financing required to maintain his obligations under the Wingate Agreement. (FAC ¶¶ 17-24). Finally Plaintiff alleges that Wingate committed fraud based on it not providing financing in accordance with the representations made in its FDD. (FAC ¶¶ 57-67).

Similarly, against Wyndham, Plaintiff alleges (1) breach of the covenant of good faith and fair dealing and (2) fraud. Plaintiff bases both these claims on the allegation that Wyndham sold him a franchise knowing that it would fail. (FAC ¶¶ 51, 72-73).

Defendants move to dismiss all counts. The Court has jurisdiction under 28 U.S.C. § 1332.

---

[2] A Franchise Disclosure Document is a document designed to comply with the pre-sale disclosure requirements of the Federal Trade Commission's Franchise Rule. 16 C.F.R. §§ 436, 437). The purpose of the disclosures mandated by that Rule and its predecessor is to prevent "widespread deception in the sale of franchises and business opportunities through both material misrepresentations and nondisclosures of material facts" and "to ensure that prospective franchisees are not deceived about the quality of the franchise relationship before they commit to buying a franchise." FTC Franchise Rule, 72 Fed. Reg. 15444, 15445, 15448 (March 30, 2007).

## II.   **LEGAL STANDARD**

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## III.   **DISCUSSION**

### A.   **Breach Of Contract Against Wingate (Count 1)**

In New Jersey, in order to allege a breach of contract a Plaintiff must allege that: (1) the parties entered into a valid contract; (2) the defendant failed to perform his obligations under the contract; and (3) plaintiff sustained damages as a result. Red Roof Frachising, LLC v. Patel, Nos. 13-2563, 13-2564, 2014 WL 1677604 at * 2 (3d Cir. April 29, 2014) (citing Murphy v. Implicito, 920 A.3d 678, 689 (N.J. Super. Ct. App. Div. 2007)).

Wingate does not appear to contest elements (1) and (3). Wingate instead argues that Plaintiff's complaint does not provide facts indicating which services it failed to provide in the alleged breach. (Def. Br. 14). Plaintiff responds that it alleged breach of section 3 & section 4 of the agreement. (Pl. Op. 7). The Court agrees with Plaintiff: the complaint clearly states that Wingate breached sections 3 and 4 of the agreement. Accordingly, Plaintiff has pled enough to state a claim under Rule 8.

However, the Court agrees with Defendants that "it is impossible to discern from the

Amended Complaint which of these service obligations WII is alleged to have breached." (Pl. Br. 14). Section 3 of the agreement covers obligations ranging from marketing to governmental matters. (ECF No. 7-4 pg. 4). Section 4 of the agreement covers obligations ranging from training to purchasing. (Id. at pg. 7-10). The two provisions span a total of ten pages. The FAC is devoid of detail regarding exactly what provisions Defendant is alleged to have breached. Accordingly, the Court will sua sponte order Plaintiff to file a more definite statement pursuant to Rule 12(e). Alston v. Parker, 363 F.3d 229, 234 n.7 (3d Cir. 2004) ("the District Court on its own initiative, may [seek] a more definite statement to resolve any ambiguity or vagueness.") The revised pleading shall detail each and every specific contractual provision Plaintiff alleges Wingate breached.

**B.      Breach Of The Covenant Of Good Faith And Fair Dealing Against Wingate And Wyndham (Count 2)**

In New Jersey, "[e]very party to a contract, including one with an option provision, is bound by a duty of good faith and fair dealing." Brunswick v. Route 18 Shopping Ctr., 864 A.2d 387, 395 (N.J. 2005). This duty governs conduct in performance and enforcement of a contract; it does not govern good faith in contract formation. Restatement (Second) of Contracts § 205, comment c ("This Section . . . does not deal with good faith in the formation of a contract"); see also Brunswick 864 A.2d at 395 (relying on § 205). In discussing the duty of good faith, the New Jersey Supreme Court has stated that good faith conduct is "conduct that does not violate community standards of decency, fairness or reasonableness." Id. This means that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Sons of Thunder, Inc. v. Borden, Inc., 690 A.2d 575, 587 (N.J. 1997). However, "[w]ithout bad motive or intention, discretionary decisions that happen to

4

result in economic disadvantage to the other party are of no legal significance." <u>Wilson v. Amerada Hess Corp.</u>, 773 A.2d 1121, 1130 (N.J. 2001).

The New Jersey Supreme Court has noted that there is no bright line rule for what constitutes bad faith. <u>Brunswick</u>, 864 A.2d at 396. However, summarizing principles taken from its prior opinions it has noted that a claim under the covenant may lie where "reasonable expectations are destroyed when a defendant acts with ill motives and without any legitimate purpose" or "if [a plaintiff] relies to its detriment on a defendant's intentional misleading assertions." <u>Id.</u>

### 1.    Wingate

Plaintiff has stated a breach of covenant claim against Wingate. It has alleged that despite indications that Wingate would assist him with financing, it refused to do so. (FAC ¶¶ 15-25, 50). Plaintiff also appears to allege ill will: "Wingate lied to Robinson, failed to provide the support promised to Robinson, required Robinson to expend unnecessary funds, refused to assist or provide financing and other actions which has deprived Robinson of his ability to open his hotel pursuant to the terms of the Wingate Agreement". (FAC ¶ 50). Drawing all inferences for Plaintiff, these allegations fall within the <u>Brunswick</u> guideposts.

Wingate argues that the count should be dismissed because the allegations underlying the breach of covenant claim—that Defendant did not provide financing—are the same as the breach of contract claim. <u>See</u>, <u>Han v. OnBoard LLC</u>, No. 09-cv-3639, 2009 WL 4508580, at *6 (D.N.J. Nov. 6, 2009). The Court disagrees. Although Defendant is correct that the breach of contract claim alleges non-compliance with representations in the FDD, Defendant elsewhere argues that the FDD did not require it to do anything, and admits that whatever discretionary obligations it had undertaken were subject to a good faith requirement. (Pl. Br. 15). Accordingly, the Court will

deny Wingate's motion to dismiss Plaintiff's breach of covenant claim.

### 2.   Wyndham

Conversely, Plaintiff has failed to state a claim against Wyndham. Plaintiff bases his good faith and fair dealing claim on the averment that Wyndham entered into a franchise agreement with him knowing that his franchise would be unsuccessful. (FAC ¶ 51). Wyndham argues that even if it entered into the agreement with Plaintiff in bad faith, this cannot breach the duty of good faith and fair dealing. (Pl. Br. 13). The Court agrees.

Restatement (Second) of Contracts § 205 articulates the common law standards of good faith and fair dealing: it states "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." (emphasis added); See also, Brunswick, 864 A.2d at 395 ("Every party to a contract . . . is bound by a duty of good faith and fair dealing in both the performance and enforcement of the contract."). Comment c to that section clearly states that the duty of good faith and fair dealing does not apply to lack of good faith in contract formation. This is in accordance with New Jersey appellate division case law. In re Estate of Fischer, No. 107359, 2011 WL 2314353 (N.J. Sup. Ct. App. Div. June 14, 2011) ("The covenant of good faith and fair dealing focuses on the performance and enforcement of a valid agreement more than it regulates contract formation." (citing Restatement (Second) of Contracts § 205)).

Accordingly, because Plaintiff's allegations are directed towards the formation of his agreement with Wyndham and not to Wyndham's performance or enforcement, the Court will grant Wyndham's motion to dismiss Plaintiff's breach of covenant claim.

### C.   Fraud Against Wingate (Count 3) And Wyndham (Count 4)

In order to allege fraud in New Jersey a plaintiff must plead "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of

its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." <u>Banco Popular No. Am. v. Gandi</u>, 876 A.2d 253, 260 (N.J. 2005).

Rule 9(b) requires that the circumstances regarding all elements of fraud except knowledge must be pled with particularity. This heightened pleading requirement applies to state law claims of fraud. <u>Petruska v. Gannon Univ.</u>, 462 F.3d 294, 310 (3d Cir. 2006) (citing <u>Christidis v. First Penn. Mortg. Trust</u>, 717 F.2d 96, 99 (3d Cir. 1983)).

Under New Jersey law, the statute of limitations for fraud is six years. N.J. Stat. § 2A:14-1; <u>Nobile v. Ford Motor Co.</u>, No. 10-cv-1890, 2011 WL 90019 *4 n.2 (D.N.J. 2011). The Fraud allegations against each Defendant are addressed in turn.

### 1. Fraud Allegations Against Wingate

This Court's December 20, 2013 opinion ruled that Plaintiff's fraud claim against Wingate would be dismissed for being brought outside the six-year statute of limitations. Plaintiff argues that paragraphs 17, 24, 60, & 61 support allegations of fraud through 2010. (Pl. Op. 10 n.37). Wingate responds that Plaintiff has not alleged facts upon which the statute of limitations should be disregarded, and that Plaintiff has not pled the circumstances of the alleged fraud with the particularity required by Rule 9(b).

The added paragraphs in the complaint allege only that Plaintiff continued to request and discuss development incentives with Defendants through 2010, and Defendants did not provide them. (FAC ¶¶ 17, 24, 60-61). It is unclear to the Court whether Plaintiff is pleading that Wingate committed other acts of fraud after providing him with the FDD or is attempting to invoke the discovery rule. If the former, Plaintiff has not pled these acts with the particularity required by Rule 9(b).

If the latter, a liberal reading of Plaintiff's complaint might find that he alleges the "critical fact"—that his inability to obtain financing was not discoverable until Wingate finally denied his request. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1392 (3d Cir. 1994). Assuming that this is enough to overcome the discovery rule at this stage in the proceedings, Plaintiff has not adequately pled that Wingate made a material misrepresentation of fact in its FDD. Plaintiff argues that his claim is supported by paragraphs fifteen to twenty in his FAC. It is not. These paragraphs state that Wingate represented in its FDD that it provided development incentives for new construction, including financing arranged with a third party.[3] However, they do not allege that this was a misrepresentation of a presently existing or past fact. Instead, they merely state that Plaintiff did not receive the offered financing.[4] This is fatal to Plaintiff's claims.

### 2.    Fraud Allegations Against Wyndham

In the Court's December 20, 2014 Opinion, the Court found that Plaintiff had failed to allege that Wyndham made any material misrepresentation. Plaintiff claims to have remedied this deficiency by pointing to added paragraphs in the FAC.[5] However, although these paragraphs allege that there were misrepresentations and that they were material, they provide no detail as to what the alleged misrepresentations were. This fails to state a claim under Rule 9(b). Accordingly, the claim will be dismissed.

---

[3] The Court notes that in its briefing, Plaintiff indicates that the financing was for "qualified projects." (Pl. Op. 9 (citing Item 10 of the FDD)).

[4] Elsewhere in the FAC, Plaintiff states that "Wingate lied." However, without specific allegations of what the lie was and when it was told, this statement does not satisfy the Rule 9(b) pleading standards for the material misrepresentation element. Christidis v. First Penn. Mortg. Trust, 717 F.2d 96, 99 (3d Cir. 1983)

[5] Plaintiff points to FAC ¶¶ 45, 54, 65, 67, 68, 73, 75, & 76.

**IV.**     **CONCLUSION**

The Court will grant Defendants' motion to dismiss with respect to Count 2 (against Wyndham only), and Count 3 (against Wingate), and Count 4 (against Wyndham). The Court denies Defendants' motion with respect to Count 1 (against Wingate) and Count 2 (against Wingate only). Plaintiff will be given thirty days in which to file an Amended Complaint that cures, to the extent possible, the deficiencies identified in this Opinion. Plaintiff is also ordered to submit a more definite statement detailing each and every specific contractual provision Plaintiff alleges Wingate breached in Count 1 within thirty days.


DATED: September 24, 2014

_____
**CLAIRE C. CECCHI, U.S.D.J.**

9