**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD J. ROBINSON,<br><br>                Plaintiff,<br><br>v.<br><br>WINGATE INNS INTERNATIONAL, INC.<br>and WYNDHAM HOTELS AND RESORTS,<br>LLC,<br><br>                Defendants. | Civil Action No.: 13-cv-2468 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

This is the Court's third Opinion & Order at the pleading stage of the proceedings. The Court previously issued an Opinion & Order on December 20, 2013 dismissing the First, Fourth, Fifth, and Sixth counts of the Complaint. [ECF Nos. 13-14.] After an amended complaint and further briefing, the Court issued another Opinion & Order on September 24, 2014 dismissing Plaintiff's second count against Defendant Wyndham, third count against Defendant Wingate, and fourth count against Defendant Wyndham. [ECF Nos. 22-23.] Now before the Court is Defendants' Motion to Dismiss Plaintiff's second amended complaint ("SAC"). [ECF No. 26.] The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is granted.

**I.    BACKGROUND**

The Court's previous Opinions discussed the background of this case extensively. Accordingly, this Opinion focuses on the facts relevant to the pending motion. This dispute stems

from two failed hotel business ventures. Plaintiff entered into two separate hotel franchise agreements, one with each Defendant. (SAC ¶¶ 11, 30). Evidently, Plaintiff was unable to obtain financing to build either franchised hotel, and Plaintiff's business failed. (SAC ¶ 25). Thereafter, Plaintiff filed this action.

Plaintiff brings three causes of action against Wingate: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) fraud. As a basis for his breach of contract claim, Plaintiff asserts that Wingate did not provide the services it was required to provide as specified in Sections 3 & 4 of the Wingate Agreement, and that Wingate did not offer him the financing it touted in its Uniform Franchise Offering Circular ("UFOC"). (SAC ¶¶ 15, 40-44.) As a basis for his breach of covenant claim, Plaintiff essentially asserts that Wingate did not assist him in obtaining the financing required to maintain his obligations under the Wingate Agreement. (SAC ¶¶ 17-24). Finally Plaintiff alleges that Wingate committed fraud because Wingate did not provide financing in accordance with the representations made in its UFOC. (FAC ¶¶ 61-78).

Similarly, against Wyndham, Plaintiff alleges (1) breach of the covenant of good faith and fair dealing and (2) fraud. Plaintiff bases both these claims on the allegation that Wyndham sold him a franchise knowing that it would fail. (SAC ¶¶ 51, 80-83).

Defendants move to dismiss all counts of the SAC, save for the breach of contract claim and breach of covenant claim against Wingate.

## II. **LEGAL STANDARD**

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual

2

allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. DISCUSSION

#### A. Breach Of The Covenant Of Good Faith And Fair Dealing Against Wyndham (Count 2)

In New Jersey, "[e]very party to a contract, including one with an option provision, is bound by a duty of good faith and fair dealing." Brunswick v. Route 18 Shopping Ctr., 864 A.2d 387, 395 (N.J. 2005). This duty governs conduct in performance and enforcement of a contract; it does not govern good faith in contract formation. Restatement (Second) of Contracts § 205, comment c ("This Section . . . does not deal with good faith in the formation of a contract"); see also Brunswick 864 A.2d at 395 (relying on § 205). In discussing the duty of good faith, the New Jersey Supreme Court has stated that good faith conduct is "conduct that does not violate community standards of decency, fairness or reasonableness." Id. This means that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Sons of Thunder, Inc. v. Borden, Inc., 690 A.2d 575, 587 (N.J. 1997). However, "[w]ithout bad motive or intention, discretionary decisions that happen to result in economic disadvantage to the other party are of no legal significance." Wilson v. Amerada Hess Corp., 773 A.2d 1121, 1130 (N.J. 2001).

The New Jersey Supreme Court has noted that there is no bright line rule for what constitutes bad faith. Brunswick, 864 A.2d at 396. However, summarizing principles taken from its prior opinions it has noted that a claim under the covenant may lie where "reasonable

3

expectations are destroyed when a defendant acts with ill motives and without any legitimate purpose" or "if [a plaintiff] relies to its detriment on a defendant's intentional misleading assertions." Id.

Plaintiff bases his good faith and fair dealing claim on the averment that Wyndham entered into a franchise agreement with him knowing that his franchise would be unsuccessful. (SAC ¶ 51.) The Court previously held that Plaintiff stated a plausible breach of covenant claim against Wingate, but dismissed the breach of covenant claim against Wyndham without prejudice "because Plaintiff's allegations are directed towards the formation of his agreement with Wyndham and not to Wyndham's performance or enforcement". [ECF No. 22.] Subsequently, Plaintiff amended his complaint to allege that "Wyndham's actions and inactions subsequent to the execution of the Wyndham agreement as to the support required to open his hotel prevented Plaintiff from opening his hotel." (SAC ¶ 54.) Defendants argue that this amendment again fails to state a plausible claim because it does not identify the nature of Wyndham's alleged actions or inactions and because Plaintiff does not allege bad faith or ill motive by Wyndham. (Defs.' Br. at 4-5.)

The Court agrees with Defendants that Plaintiff has again failed to state a claim against Wyndham for breach of the covenant of good faith and fair dealing. As Defendants point out, the cursory assertion of alleged "actions and inactions subsequent to the execution of the Wyndham agreement" does not provide a plausible inference that Wyndham has "violate[d] community standards of decency, fairness or reasonableness." See Brunswick 864 A.2d at 395. Other than this blanket assertion, there is no mention of the actions or inactions by Wyndham that constituted a breach of its duty of good faith and fair dealing. Such "[t]hreadbare recitals" and "mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

4

Moreover, Defendants are correct in noting that the SAC does not adequately plead any bad faith on Wyndham's part. See Brunswick 864 A.2d at 396 ("Proof of 'bad motive or intention' is vital to an action for breach of the covenant."); Wilson, 773 A.2d at 1130 ("Bad motive or intention is essential, for [] contract law does not require parties to behave altruistically toward each other". (citation omitted)). Unlike Plaintiff's claim against Wingate, there is no claim that Wyndham "lied to Robinson, failed to provide the support promised to Robinson, required Robinson to expend unnecessary funds, [or] refused to assist or provide financing." (See SAC ¶ 50.) Accordingly, there are no facts in the SAC from which the Court may infer that Wyndham acted in bad faith and Plaintiff's claim against Wyndham for breach of the covenant of good faith and fair dealing must therefore be dismissed.

### B.   Fraud Against Wingate (Count 3) And Wyndham (Count 4)

In order to allege fraud in New Jersey a plaintiff must plead "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Banco Popular No. Am. v. Gandi, 876 A.2d 253, 260 (N.J. 2005).

Rule 9(b) requires that "a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id. This heightened pleading requirement applies to state law claims of fraud. Petruska v. Gannon Univ., 462 F.3d 294, 310 (3d Cir. 2006) (citing Christidis v. First Penn. Mortg. Trust, 717 F.2d 96, 99

(3d Cir. 1983)).

Under New Jersey law, the statute of limitations for fraud is six years. N.J. Stat. § 2A:14-1; Nobile v. Ford Motor Co., 2011 WL 90019 *4 n.2 (D.N.J. 2011). The fraud allegations against each Defendant are addressed in turn.

### 1. Fraud Allegations Against Wingate

Wingate argues that Plaintiff's fraud claim does not allege fraud with particularity and, in any event, is barred by the statute of limitations. (Defs.'s Br. at 6-7.) Plaintiff counters that Defendants' fraud continued through 2010 and is therefore not barred by the statute of limitations. (Pl.'s Opp'n at 8-9.)

Even assuming that Plaintiff's claim is not time barred, he has not adequately pled that Wingate made a material misrepresentation of presently existing or past fact in its UFOC. Plaintiff argues that his claim is supported by various paragraphs in his SAC. (Pl.'s Opp'n at 10 n. 28.) It is not. These paragraphs state that Wingate represented in its UFOC that it provided development incentives for new construction, including financing arranged with General Electric Franchise Finance Corporation. (See SAC ¶¶ 18-20.) However, they do not allege that this was a misrepresentation of a presently existing or past fact but, instead, merely state that Plaintiff did not receive the offered financing.[1] Nowhere is this more evident than in paragraph 50 of the SAC, which notes that Wingate "failed to provide the support promised to [Plaintiff]". As previously discussed, future promises cannot support a claim of fraud. This is fatal to Plaintiff's fraud claim against Wingate.

---

[1] Elsewhere in the SAC, Plaintiff states that "Wingate lied." However, without specific allegations of what the lie was and when it was told, this statement does not satisfy the Rule 9(b) pleading standards for the material misrepresentation element. Christidis v. First Penn. Mortg. Trust, 717 F.2d 96, 99 (3d Cir. 1983).

### 2. Fraud Allegations Against Wyndham

In the Court's prior Opinions, the Court found that Plaintiff had failed to allege any cognizable material misrepresentations by Wyndham. Plaintiff has again failed to cure this deficiency because, although Plaintiff's added paragraphs allege that there were "material and substantial misrepresentations", they provide very little detail as to what the alleged misrepresentations were.

The closest Plaintiff comes to satisfying Rule 9(b) are paragraphs 88-89 of the SAC. These state:

> 88. Wyndham made material misrepresentations of presently existing and past facts as to financing, items listed in the estimated expenses listed in Item 7 (Initial Investment) of Wingate's Uniform Franchise Offering Circular and items listed in this Second Amended Complaint.
>
> 89. Wyndham made material misrepresentations of presently existing and past facts as to financing, items listed in the estimated expenses in Item [sic] of Wingate's Uniform Franchise Offering Circular and items listed in this Second Amended Complaint in its Uniform Franchise Offering Circular.

However, this again fails to state a claim under Rule 9(b) for two reasons. First, these paragraphs allege that *Wyndham* made material misrepresentations in the UFOC provided by *Wingate*. Indeed, Plaintiff alleges in another part of his SAC that "Wyndham did not provide a Uniform Franchise Offering Circular to Robinson prior to his execution of the Wyndham Agreement". So, the Court is forced to ask: how could Wyndham have made material representations in either a UFOC that did not exist, or a UFOC provided by a different company? Clearly these contradictions belie any plausible claim of fraud. Second, even if the Court were to overlook the

7

aforementioned paradox,[2] Plaintiff provides no indication of "the date, time and place of the alleged fraud"; nor does he "otherwise inject precision or some measure of substantiation into a fraud allegation." See Frederico, 507 F.3d at 200. There is no indication of which "items listed . . . in Item 7" of the Wingate UFOC, or supposedly identified in the SAC, were misrepresented. Both the Court and Defendants are forced to sift through various documents[3] and pleadings to look for any items that may conform to Plaintiff's generalized allegations of fraud. This does not meet the command of Rule 9(b). Accordingly, the claim will be dismissed.

### IV. CONCLUSION

The Court will grant Defendants' motion to dismiss with respect to Count 2 (against Wyndham only), Count 3 (against Wingate), and Count 4 (against Wyndham). Given that Plaintiff has filed three successive, yet insufficient pleadings, the Court finds that any further amendment would be futile. Accordingly, the above-mentioned claims will be dismissed with prejudice and Plaintiff may proceed on his breach of contract claim against Wingate (Count 1) and breach of covenant claim against Wingate (Count 2).

DATED: June 30, 2015

**CLAIRE C. CECCHI, U.S.D.J.**

---

[2] Perhaps, for example, "Wingate's Uniform Franchise Offering Circular" may be a typographical error that should read: "Wyndham's Uniform Franchise Offering Circular". Even if the Court were to construe the SAC in this manner, Plaintiff's claim would nonetheless fail for the reasons stated above. See Frederico, 507 F.3d at 200 (Rule 9(b) requires that "a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged.")

[3] The Court never received a copy of the Wingate UFOC.